IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WESTERN WORLD INS. CO., ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:05cv327-D |
| ) | WO |
| RESURRECTION CATHOLIC ) | |
| CHURCH, *et al.*, ) | |
| ) | |
|    Defendants. ) | |

**ORDER**

Now pending before the court is the August 5, 2005, motion to reconsider the granting of a protective order (doc. # 16) filed by defendant Nichols. On July 12, 2005, Nichols served a deposition notice on Western World Insurance Company setting three depositions on July 29, 2005. *See* Doc. # 13. On July 14, 2005, Western World Insurance Compnay filed a motion for a protective order to prohibit Nichols from taking the depositions. On July 19, 2005, the court entered an order setting the motion for protective order for oral argument by telephone on July 22, 2005, at 9:30 a.m. The Court's electronic filing system indicates that notice of the hearing was sent to Nichol's counsel at two electronic mail addresses on July 19, 2005, at 12:24 p.m. At the time set for argument, counsel for the plaintiff informed the court that he had been unable to reach Nichols' counsel and was informed that counsel was "on vacation." Counsel for Nichols was aware that the court would quickly set a hearing on the motion because counsel telephoned the court before the motion for a protective order was filed. Counsel was advised that a hearing would probably be set quickly when the

motion for a protective order was filed because the depositions were set for July 29, 2005. At no time did counsel inform the court that he would be unavailable for a hearing because he was scheduled to be on vacation. Based in part on counsel's failure to appear, the court granted the motion for a protective order.

On August 5, 2005, Nichols filed a motion to reconsider the granting of the protective order. (Doc. # 16). In his motion, counsel concedes that he telephoned the court regarding the motion and then "left on vacation." Although counsel asserts that the taking of the depositions "is essential to preparation of the trial in this case," counsel offers no explanation as to what steps, if any, he took to ensure that either he or stand-in counsel would cover any hearing set in this matter. The depositions were set by counsel for July 29, 2005. Counsel was aware that the plaintiff intended to file a motion for a protective order regarding the depositions. Counsel had been advised by the court that a hearing would probably be set prior to the date of the depositions. Nonetheless, counsel apparently left on vacation without making arrangements to insure that any hearing set in this matter would be covered by either him or stand-in counsel.

Accordingly, it is

ORDERED that the motion to reconsider be and is hereby DENIED.

Done this 11th day of August, 2005.

                        /s/Charles S. Coody
                        CHARLES S. COODY
                        CHIEF UNITED STATES MAGISTRATE JUDGE